UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KATHLEEN DAGROSA

    Plaintiff
vs.

ROYAL CARIBBEN CRUISES, LTD,

    Defendant.
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, KATHLEEN DAGROSA, by and through undersigned counsel, and sues the Defendant and further state as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District of Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket contract with Defendant.  The cause of action is in excess of $75,000.00.  There is true and complete diversity of citizenship. Plaintiff is a resident and citizen of the state of New Jersey.  This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or such conditions do not apply to Plaintiff herein.

3. Defendant ROYAL CARIBBEAN CRUISES, LTD., is, upon information and belief, a foreign and/or Bahamian corporation, which is licensed to do business in Florida as a cruise line.  Defendant's base of operations is in Miami, Dade County, Florida.

COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three as if set forth herein.

5. On or about July 22. 2013, Plaintiff KATHLEEN DAGROSA was an adult fare paying passenger on Defendant's vessel GRANDEUR OF THE SEAS. Defendant owned and/or operated the GRANDEUR OF THE SEAS on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a passenger deck in a reasonably safe condition, and/or;

   b. Failing to properly train employees in the task of setting up chaise lounger-type chairs on a passenger deck, and/or;

   c. Failing to properly and safely warn Plaintiff of the dangers of walking on a passenger deck , and/or;

   d. Failing to properly safely warn Plaintiff of the dangers of using the deck chairs, and/or;

   e. Failing to have reasonably safe assistance for passengers to use deck chairs, and/or;

   f. Failing to have  a reasonably safe method of operation for setting up deck chairs, and/or;

   g. Failing to assign sufficient personnel for the task of maintaining deck chairs.

8. As a result of the foregoing, the Plaintiff was seriously injured when she attempted to use a deck chair. The deck chairs were seriously overcrowded on the sun deck. There were too many chairs all pushed together. There were no crew members available to provide deck chairs to passengers. When Plaintiff attempted to move or separate the deck chairs so she could use one, her foot became entangled in a deck chair causing her to lose her balance and fall and become injured thereby.

9. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

10. At all times material, Plaintiff acted with due care for her own safety.

11. At all times material hereto, Defendant ROYAL CARIBBEAN CRUISES, LTD., was in direct control of the vessel where Plaintiff was injured.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities. Plaintiff sustained several fractures of her shoulder and several more fractures of metatarsal bones in her foot which required surgery including the insertion of a plate and screws. Plaintiff suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense, and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of known and unknown pre-existing conditions, scarring and disfigurement as a result of surgery, suffered a loss of enjoyment of the cruise.

Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 23rd Day of June, 2014.

                                      HOFFMAN LAW FIRM
                                      2881 East Oakland Park Boulevard
                                      Fort Lauderdale, FL 33306
                                      Telephone:  (954) 707-5040

By: *//s//Paul M. Hoffman*
     Paul M. Hoffman, Esq.
     Florida Bar No: 0279897